IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  04-cv-01499-RPM

TRAVELERS CASUALTY AND SURETY COMPANY, f/k/a
The Aetna Casualty and Surety Company,
a Connecticut corporation, and
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,
f/k/a Travelers Indemnity Company of Illinois,
a Connecticut corporation,

        Plaintiffs,

v.

JAMES CONSTRUCTION CO., INC.,
n/k/a POSTLE DEVELOPMENT COMPANY, INC.,

        Defendant.

---

ORDER ON CROSS MOTIONS FOR PARTIAL SUMMARY JUDGMENT

---

      At the Rule 16 Conference on December 10, 2004, it was agreed that it may be helpful to the ultimate resolution of this declaratory judgment action to determine a disputed question of contract interpretation on cross motions for partial summary judgment. Accordingly, the parties have submitted those motions with accompanying supporting papers and assumed facts.

      James Construction Company ("James") was the developer and general contractor for a construction project known as the Arapahoe Farm Townhomes located in southwest Fort Collins, Larimer County, Colorado.  The Arapahoe Farm development consists of multiple buildings and units.  Development of the project began in

1994 and was completed in July, 1996.

In October, 2001, the Arapahoe Farm Townhome Homeowners Association brought suit against James and one of its principals, James Postle, in the district court for Larimer County, Colorado. The homeowners association alleged that the Arapahoe Farm project was defectively designed and constructed, particularly with respect to its water drainage system, and that the adverse effect of groundwater accumulation on structural components of the units and other aspects of the property caused property damage over a period of years. The homeowners association sought to recover damages for the cost of structural repairs, based on claims for negligence, negligent misrepresentation, breach of implied warranties, fraudulent representation and nondisclosure, breach of fiduciary duty, violation of the Colorado Common Interest Ownership Act, and violations of the Colorado Consumer Protection Act.

Travelers provided commercial general liability ("CGL") insurance to James under consecutive annual policies from August 12, 1994, through October 1, 2000. The coverage limits for each policy are $1 million "per occurrence," with general aggregate limits of $2 million for each policy period..

James tendered the defense of the Arapahoe Farm lawsuit to Travelers. Travelers defended the lawsuit under a reservation of rights. In December, 2003, Travelers paid $3.9 million to settle the Arapahoe Farm lawsuit.

Travelers asserts that the property damage that occurred over a period of time was a single "occurrence" as defined in each policy and that any coverage is limited to the $1 million "per occurrence" limit of one policy, entitling recovery of $2.9 million of the settlement payment.

James asserts that the property damage continued during more than one policy year, triggering coverage under each of the consecutive policies applicable to those years.

Coverage for property damage is provided when it is caused by an "occurrence" that takes place within the policy period. An occurrence is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

In this case, that general harmful condition is groundwater accumulation under structural floors of multiple units.

The plaintiffs argue that all of the damage resulted from the groundwater and therefore is the result of a common cause. They conflate that common cause with a single occurrence, resulting in the conclusion that the coverage is limited by the policy in effect in the year of that occurrence and that the defendant is improperly attempting to "stack" the policies to obtain coverage greater than what is provided in a single policy.

That argument ignores the definition of "property damage" in the policies. That definition is "physical injury to tangible property," or loss of use of tangible property that is not physically injured. Such loss of use is deemed to occur at the time of the occurrence that caused it.

The existence of a high groundwater table without causing physical injury to tangible property or the loss of use of it does not trigger coverage. When the water causes loss, there is coverage. If the facts of this case are that different units within the development sustained structural damage as a result of the high groundwater in different years, the coverage limits of more than one policy would apply. Thus, the definition of occurrence must be read in the context of the facts of the case and the language of the policy taken as a whole.

All that can be decided on the present status of the record is that the plaintiffs' contention that their liability is limited to one million dollars because there was but one occurrence within one policy period is rejected. On the limited questions addressed in this ruling, it is

ORDERED that the plaintiffs' motion for partial summary judgment is denied and the defendant's motion is granted. How much of the settlement amount paid may be recoverable will depend upon the facts as to when losses for property damage became manifest and the resolution of all of the other issues raised by the insurers.

Dated: September 7, 2005

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge