IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-1499-RPM-OES

TRAVELERS CASUALTY AND SURETY COMPANY f/k/a The Aetna Casualty and Surety
    Company, a Connecticut corporation; and TRAVELERS PROPERTY CASUALTY COMPANY
    OF AMERICA f/k/a Travelers Indemnity Company of Illinois, a Connecticut corporation,

Plaintiffs,

v.

JAMES CONSTRUCTION CO., INC. n/k/a POSTLE DEVELOPMENT COMPANY, INC., a Colorado
    corporation,

Defendants.

_____

**STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**

_____

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, with the parties having

consented to the entry of a Protective Order in this form without further notice, and the Court

having found that the discovery of information that one or more parties may consider

confidential or proprietary has been or may be requested in this case, and that the disclosures and

distribution of such information should be reasonably restricted, the Court finds that good cause exists for entry of this Order.

THEREFORE, IT IS HEREBY ORDERED that the parties, their representatives, agents, experts and consultants shall be entitled to the benefits of and adhere to the following terms regarding documents, data, and other information and tangible things that are produced, made available for inspection, disclosed or filed in this case:

1. The protection afforded by this Order shall in no way affect a party's right to withhold documents and information as privileged under the attorney-client privilege, work product doctrine or other privilege or protection or as otherwise exempted pursuant to valid objection or under Rule 26, Fed.R.Civ.P.

2. Any party may designate material as "Confidential" and be entitled to the protections in accordance with this Order. Nothing in this Order grants non-parties access to the materials produced by the parties.

3. All information that is produced, made available for inspection, disclosed or filed by the parties in the course of discovery proceedings in this action and designated "Confidential" shall not be used or disclosed except as expressly permitted hereunder.

4. A party may designate as "Confidential" any document or other discovery material that is considered to contain nonpublic proprietary and/or business information that is confidential and commercially sensitive in nature, or in which the producing party has a good-faith belief that said information is nonpublic, or is proprietary or personal to the designating party (or to a person to whom or which the party owes a duty of confidentiality) "Confidential Information," as used herein, shall refer to any document designated "Confidential," other discovery materials so designated (including deposition transcripts as specified below), and all

copies and extracts thereof, and shall also refer to the information contained therein. Discovery materials may be designated "Confidential" by stamping or otherwise marking "Confidential" on each page of the material in a manner that will not interfere with its legibility or by other means agreed upon by the parties.

     5. If a party produces material that is entitled to be designated as "Confidential," but inadvertently fails to designate it as "Confidential," that party may subsequently designate such material as "Confidential," and such material will then be treated as "Confidential" pursuant to this Protective Order.

     6. Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

     a. the parties and the attorneys for the parties in this action (including in-house counsel) and their paralegals, clerical, and other assistants who have a clear need therefore in connection with this action;

     b. persons retained by the parties or counsel for the parties to serve as expert witnesses or otherwise to provide advice to counsel in connection with this action (referred to as "consultants"), provided such persons have signed a declaration under penalty of perjury in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms;

     c. stenographers engaged to transcribe depositions or other testimony conducted in this action;

     d. the Court and its support personnel; and

     e. a witness during the course of that witness's testimony or preparation therefore, provided that, if the witness is employed by or the agent of one of the parties, that

witness has signed a Declaration under penalty of perjury in the form attached attesting that the witness has read this Protective Order and agrees to be bound by its terms.

7.	During any deposition noticed in connection with this case, a witness or any counsel may indicate on the record that a question calls for or an answer has disclosed Confidential Information. Such Confidential Information may be so designated either:

a.	during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information" by the reporter; or

b.	by written notice to the reporter and to all counsel of record, given within twenty (20) calendar days after the date of the reporter's written notice to the deponent or its counsel that the transcript is available for review, in which case the reporter and all counsel receiving notice of the designation shall be responsible for marking the copies of the transcript in their possession or under their control as directed by the designating party.

Thereupon, counsel may request all persons, except persons entitled to receive Confidential Information pursuant to this Protective Order, to leave the room where the deposition is proceeding until completion of the answer or answers containing Confidential Information.

8.	Persons described in paragraph 6 above shall be restricted to using Confidential Information only for purposes directly related to this action and not for any other litigation or proceeding or for any business, commercial, competitive, personal or other purpose. Photocopies of documents containing such information shall be made only to the extent necessary to facilitate the permitted use hereunder.

9. Prior to any disclosure of Confidential Information to any person retained as an expert and/or consultant pursuant to subparagraph 6(b) above, counsel retaining such person shall cause such person to read this Protective Order and sign a Declaration in the form attached hereto. Counsel shall retain the signed Declaration, hold it in escrow, and produce it to opposing counsel prior to such person being permitted to testify at deposition or trial, or at the conclusion of the case.

10. Confidential Information that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing Confidential Information shall be filed with a Motion to Seal in accordance with D.C.COLO.L.R. 7.2. The parties agree that they will use their best efforts to disclose or include Confidential Information in documents submitted to the Court only when absolutely necessary, and agree, where possible, to redact Confidential Information, or to designate only the confidential portions of filings with the Court to be filed under seal. To facilitate compliance with this Protective Order by the Clerk's Office, material filed under the designation "Confidential" shall filed in the manner set forth in D.C.COLO.L.R. 7.3, including filed in a sealed envelope the cover page of which shall bear the caption of the case, the title of the paper or document, the name, address and telephone number of the attorney filing the paper or document, a notation that the paper or document is filed under seal, and the title and date of the Court order pursuant to which the paper or document is sealed.

11. In the event that the requesting party disagrees with the designation by the producing party of any document or discovery materials as "Confidential," within fourteen (14) calendar days of receiving the designation, the requesting party's counsel shall advise counsel for the party in writing of the objection and identify the document or material with sufficient specificity to permit the other to identify it. Within seven (7) calendar days of receiving this

written objection, the party shall advise whether the "Confidential" designation or redaction will be removed. If the appropriate designation cannot be resolved, then the dispute may be presented to the Court by motion or otherwise as the Court directs. During the pendency of any such dispute, the designated document or material shall continue to be treated as Confidential Information, subject to the provisions of this Protective Order.

12. Within thirty (30) days of the resolution of this action by settlement or judgment, all documents and discovery materials designated "Confidential" and any copies thereof shall be promptly returned to the party or, with and upon the prior consent of said entity, destroyed, provided that the requesting party certifies in writing that all designated documents and materials have been destroyed. Attorney work product containing or reflecting Confidential Information need not be transmitted to the party, but may be destroyed instead at the election of the party that creates such work product. Counsel for each party may retain one set of said documents and discovery materials, and any materials filed with the Court.

13. Nothing contained herein shall preclude any party from using his, her or its own confidential information, documents or materials in any manner he, she or it sees fit, or from revealing such confidential information, documents or discovery materials to whomever he, she or it chooses, without the prior consent of any other party or the Court.

14. Notwithstanding anything to the contrary that may be set forth herein, each party shall have the right to object to any discovery or to apply to the Court at any time for an order granting other or additional protective relief with respect to any confidential, proprietary or privileged material. This Order shall not be construed to require any party to produce any documents or information not otherwise the subject of discovery in this action.

15.     If any party or counsel receives a subpoena or other process from any person (including but not limited to natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) seeking production of Confidential Information, the party and/or its counsel shall promptly give telephonic notice and written notice by overnight delivery and/or facsimile to counsel for all other parties, identifying the materials sought, and enclosing a copy of the subpoena or other process.  In no event shall production or other disclosure be made before counsel has been given the aforementioned notice and has had a reasonable opportunity to quash such subpoena.

16.     The provisions of this Protective Order and the obligation to retain the confidentiality of the Confidential Information produced hereunder, absent written permission or further order of the Court, shall survive and continue to be binding after the conclusion of this action.  This Court shall retain jurisdiction over the parties to the extent necessary to enforce said obligation.

DATED: January 12, 2006.

**SO ORDERED:**

**s/Richard P. Matsch**

_____
Richard P. Matsch, Senior District Judge

**SO STIPULATED:**

| | |
|---|---|
| BALLARD SPAHR ANDREWS & INGERSOLL, LLP | BIEGING SHAPRIO & BURRUS LLP |
| By: s/ Leslie A. Eaton | By: s/ Stephen B. Shapiro |

| | |
|---|---|
| Leslie A. Eaton<br>Jon Bernhardt<br>1225 17th Street, Suite 2300<br>Denver, Colorado  80202<br>Telephone:  (303) 292-2400<br><br>**ATTORNEYS FOR PLAINTIFFS,<br>TRAVELERS CASUALTY AND SURETY<br>COMPANY and TRAVELERS<br>PROPERTY CASUALTY COMPANY OF<br>AMERICA** | Stephen B. Shapiro<br>James Shortall<br>4582 S. Ulster Street Parkway, Suite 1650<br>Denver, CO  80237<br>(720) 488-0220<br><br>**ATTORNEYS FOR DEFENDANT,<br>JAMES CONSTRUCTION CO.,<br>INC.** |

**EXHIBIT A**
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-1499-RPM-OES

TRAVELERS CASUALTY AND SURETY COMPANY f/k/a The Aetna Casualty and Surety Company, a Connecticut corporation; and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA f/k/a Travelers Indemnity Company of Illinois, a Connecticut corporation,

Plaintiffs,

v.

JAMES CONSTRUCTION CO., INC. n/k/a POSTLE DEVELOPMENT COMPANY, INC., a Colorado corporation,

Defendants.

_____

**DECLARATION**
_____

The undersigned hereby declares under penalty of perjury that he (she) has read the Stipulated Confidentiality Protective Order (the "Order") entered in the United States District Court for the District of Colorado in the above-captioned action, understands its terms and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any Confidential Information made available to him (her) other than in strict compliance with the Order. The undersigned agrees to be subject to the personal jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing compliance with the Order. The undersigned acknowledges that any violation of the Order may be deemed a contempt of that Court.

DATED: _____

_____
Name: